1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

DEJON MICHAEL DEWAYNE
SIMPSON,

Plaintiff,

v.

PIERCE COUNTY JAIL, KATHLEEN
PROCTOR, BRENT HYER, MATHEW
DAVID VANELRIAL,

Defendant.

CASE NO. 3:17-CV-05466-RBL-DWC

ORDER DENYING MOTION TO
REOPEN

11
12
13
14
15
16
17

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States

18  Magistrate Judge David W. Christel. Presently pending before the Court is a letter from Plaintiff

19  Dejon Michael Simpson regarding the status of his case and incarceration. *See* Dkt. 12. The

20  Court interprets Plaintiff's letter as a Motion to Reopen, requesting the Court reopen this case.

21  The Court has reviewed the Motion to Reopen and the relevant record and finds Plaintiff has not

22  shown good cause to reopen the case. Therefore, the Motion to Reopen (Dkt. 12) is denied.

23
24

## I.    Background

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this civil rights action on June 15, 2017. *See* Dkt. 1. After Plaintiff corrected deficiencies in his IFP application, the Court granted Plaintiff IFP status, screened Plaintiff's Complaint, and found the Complaint was deficient. Dkt. 8. The Court ordered Plaintiff to correct the deficiencies in his Complaint by October 6, 2017. *Id.* The Court warned that failure to file an amended complaint or adequately address the issues identified in the Order would result in the Court recommending dismissal of this action pursuant to 28 U.S.C. § 1915. *Id.*

Plaintiff failed to comply with the Court's Order and, on October 24, 2017, the undersigned recommended Plaintiff's Complaint be dismissed and this case be closed. *See* Dkt. 9. Plaintiff did not file objections to the Report and Recommendation. On November 17, 2017, the Honorable Ronald B. Leighton, the District Judge assigned to this case, adopted the Report and Recommendation and dismissed Plaintiff's Complaint without prejudice. Dkt. 10. Judgement was entered on November 22, 2017. Dkt. 11. On September 4, 2018, Plaintiff filed the Motion to Reopen. Dkt. 12.

## II.    Discussion

Federal Rule of Civil Procedure 60(b) grants district courts discretion to relieve a party from a judgment or order only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than

a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff has not shown he is entitled to relief from judgment in this case. The Court granted Plaintiff's IFP application and directed Plaintiff to cure the deficiencies of his Complaint on September 7, 2017. Dkt. 6, 8. Plaintiff did not respond to the Court's Order or file objections to the Report and Recommendation, filed on October 24, 2017. *See* Dkt. 9. More than a year after he initiated this case and more than nine months after the judgment was entered, Plaintiff filed the Motion to Reopen. *See* Dkt. 1, 11, 12. In the Motion to Reopen, Plaintiff states he was unable to obtain a prison trust account statement and alleges his constitutional rights are being violated. *See* Dkt. 12. Plaintiff provides no explanation for why he failed to respond to the Court's Order or take any action to prosecute this case from September 2017 through September 2018. *See* Dkt. 12. Further, Plaintiff's inability to obtain a prison trust account statement did not impact his case, as this Court granted Plaintiff IFP status in September 2017.

Moreover, the Court dismissed Plaintiff's Complaint without prejudice. *See* Dkt. 10. As such, Plaintiff's case does not need to be reopened. Plaintiff can file new lawsuits raising the allegations in his Complaint and the new allegations raised in his Motion to Reopen. *Powell v. Smith*, 2011 WL 4527412, at *2 (E.D. Cal. Sept. 28, 2011) (denying a prisoner plaintiff's motion to reopen under Rule 60 and noting the plaintiff did not need to reopen his case and could simply re-file the complaint because the case had been dismissed without prejudice).

For the above stated reasons, Plaintiff has not shown he is entitled to relief under Rule 60 or shown good cause to reopen this case.

### III.    Conclusion

The Court has reviewed Plaintiff's Motion to Reopen (Dkt. 12) and finds Plaintiff has failed to show this case should be reopened. Accordingly, Plaintiff's Motion to Reopen (Dkt. 12) is denied.

Dated this 24th day of September, 2018.


David W. Christel
United States Magistrate Judge